# UNITED STATES DISTRICT COURT
## for the
### Southern District of Georgia

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Jemel Stone | ) Case No: CR400-00176-001 |
| True Name: Satin Yahvo Stone | ) USM No: 10420-021 |
| Date of Previous Judgment: November 8, 2000 | ) Willie L. Fields |
| (Use Date of Last Amended Judgment if Applicable) | ) Defendant's Attorney |

### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of [X] the defendant [ ] the Director of the Bureau of Prisons [ ] the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
[X] **DENIED.** [ ] **GRANTED** and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

| | | | |
|---|---|---|---|
| Previous Offense Level: | 33 | Amended Offense Level: | 31 |
| Criminal History Category: | III | Criminal History Category: | III |
| Previous Guideline Range: | 168 to 210 months | Amended Guideline Range: | 135 to 168 months |

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**
[ ] The reduced sentence is within the amended guideline range.
[ ] The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
[ ] Other (explain):

**III. ADDITIONAL COMMENTS:** The Court has denied the motion for reduction of sentence based on factors identified in 18 U.S.C. § 3553(a), namely the history and characteristics of the defendant and the need to protect the public from further crimes of the defendant. The defendant, age 23 upon conviction in this court, has prior felony convictions for crack cocaine sales as a juvenile and as an adult. He had in fact been arrested ten times by age 23. In addition, his prison disciplinary record includes citations for possessing a hazardous tool and escaping. The 210-month custodial sentence imposed at sentencing best addresses all of these factors.

Except as provided above, all provisions of the judgment dated November 8, 2000, shall remain in effect.
**IT IS SO ORDERED.**

Order Date: March 13, 2008

Judge's signature

B. Avant Edenfield
United States District Judge
For the Southern District of Georgia

Effective Date: _____
(if different from order date)

Printed name and title